Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1012 | **DATE** | 10/3/2003 |
| **CASE TITLE** | Reynolds vs. Claridge | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' Motions for Summary Judgment are Denied.

*[signature: Amy J. St. E]*

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KENNETH REYNOLDS and )
CYNTHIA REYNOLDS, )
                                                              )
           Plaintiffs,              )
                                                           ) No. 02 C 1012
v.                                                   )
                                                      )
CLARIDGE HOTEL, INC. and HOPKINS )
ILLINOIS ELEVATOR CO., )
                                                      )
          Defendants.           )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiffs Kenneth and Cynthia Reynolds sued Defendants Claridge Hotel, Inc. ("Claridge"), and Hopkins Illinois Elevator Co. ("Hopkins") because of an elevator door that shut on Mr. Reynolds's arm. Plaintiffs accuse Defendants of negligence and seek damages for Mr. Reynolds's injuries and Mrs. Reynolds's loss of consortium. Hopkins and Claridge also seek contribution from each other with respect to Plaintiffs' claims.

Hopkins and Claridge filed motions seeking summary judgment on both counts of Plaintiffs' complaint, and Claridge seeks summary judgment on Hopkins's counterclaim. For the reasons discussed below, Defendants' summary judgment motions are denied.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The Court's function is "not to weigh the evidence but merely to determine if 'there is a genuine issue for trial.'" *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986)). A genuine issue of material fact exists only if a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 252. In assessing whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See id.* at 255. However, neither "the mere existence of some alleged factual dispute between the parties," *id.* at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), is sufficient to defeat a motion for summary judgment. *See also Skorup v. Modern Door Corp.*, 153 F.3d 512, 514 (7th Cir. 1998).

**I. Hopkins's Motion for Summary Judgment Against Plaintiffs**

Hopkins's attorneys have simplified this Court's task by completely ignoring the requirements of the Local Rules of the United States District Court for the Northern District of Illinois. Local Rule 56.1(a)(3) requires a party moving for summary judgment under Rule 56 to serve and file a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Further, the Local Rules warn that "[f]ailure to submit such a statement constitutes grounds for denial of the motion." Noting Hopkins's failure to submit a Rule 56.1(a)(3) statement of fact, and

2

acknowledging that "judges are not like pigs, hunting for truffles buried" in the record, this Court denies Hopkins's motion for summary judgment against Plaintiffs. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

**II. Claridge's Motion for Summary Judgment Against Plaintiffs**

Unlike Hopkins, Defendant Claridge filed a Rule 56.1 statement of fact. Claridge, however, also glosses over several of the requirements of Rule 56.1. Although Claridge's statement does not consist of "short numbered paragraphs," it does exist, and it provides specific references to supporting materials. For this reason, the Court will consider Claridge's motion and statements of fact.[1]

## STATEMENT OF FACTS

The relevant facts of this case for the purpose of deciding this motion are as follows. On January 30, 2001, Plaintiff Kenneth Reynolds attempted to board the east elevator in the lobby of Defendant's hotel. (R. 44-1, Pl.'s Designation of Additional Facts Requiring Denial of Summ. J. ¶ 23.) Although the elevator door was closing, Plaintiff inserted his right arm into the elevator. (*Id.*) Instead of opening when Plaintiff inserted his arm, the door of the elevator continued to close. (*Id.*) When Plaintiff was unable to stop the closing of the door with his elbow, his right arm was pinned in the elevator door. (*Id.*) After the door closed on his arm, Plaintiff was able to

---

[1] Plaintiffs concede paragraphs 1-6 of Claridge's statement of facts. The remainder of Claridge's asserted facts are under the heading "The Deposition Testimony" and three attached exhibits. Plaintiffs concede all of the facts asserted by Claridge under the heading of "The Deposition Testimony," pointing the Court to its statement of additional facts as rebuttal. Additionally, Plaintiffs concede that the exhibits attached to Claridge's statement contain undisputed facts with the exception of paragraph three of Michael Wathen's affidavit.

Claridge has not contested any of the facts set forth in Plaintiffs' Designation of Additional Facts. This Court will therefore consider all of the facts contained therein to be admitted by Claridge. Local R. 56.1(a)(3).

3

remove it from the door by grasping his right forearm and pulling with his left hand. (*Id.*) As a result of his encounter with the elevator door, Plaintiff sustained injuries including a bruised and swollen forearm, but refused medical assistance offered by Claridge employees. (*Id.* ¶ 25; R. 37-1, Claridge's Statement of Facts ¶ 10.)[2]

The elevator at issue is one of two elevators in Claridge's hotel. (R. 44-1, Pl.'s Designation of Additional Facts Requiring Denial of Summ. J. ¶ 1.) Claridge and Hopkins are parties to a Maintenance and Service Contract under which Hopkins agreed to examine and maintain the elevators on a monthly basis. (*Id.* ¶ 2; R. 37-1, Claridge's Statement of Facts ¶ 5, Ex. A.) Plaintiffs presented unrebutted evidence that such monthly service contracts are less effective than weekly contracts in terms of identifying and correcting problems with elevators. (R. 44-1, Pl.'s Designation of Additional Facts Requiring Denial of Summ. J. ¶ 4.) Under the contract, Hopkins may recommend that certain repairs be made, but final decisions reside with Claridge. (*Id.* ¶ 2.) The personnel at the Claridge Hotel have not undergone any elevator training. (*Id.* ¶ 6.)

In 1998, Hopkins performed a "changeover" on the elevators in the Claridge Hotel, replacing the old controls with new controls. (R. 37-1, Claridge's Statement of Facts ¶ 7). On May 22, 2000, Hopkins submitted a proposal to install new operators for each of Claridge's hotel elevators. (R. 44-1, Pl.'s Designation of Additional Facts Requiring Denial of Summ. J. ¶ 7.) Eight months later, days before Mr. Reynolds's injury, Hopkins installed only one new operator — in the elevator that is not at issue in this case. (*Id.*) Additionally, the parties dispute whether

---

[2]Although Claridge has not numbered the seventh through tenth paragraphs of its statement of facts, the Court will refer to paragraph numbers as if Claridge had numbered them.

door detector edges had been installed in either elevator as a result of a 1999 proposal by Hopkins. (*Id.* ¶ 8.) It is undisputed, however, that during the months preceding Mr. Reynolds's accident, the east elevator was "not running, stuck, or was down" several times. (*Id.* ¶ 10-19.)

## ANALYSIS

In this case, Claridge argues that it had either no duty or little duty to Plaintiffs for the following reasons: (1) Claridge's contract with Hopkins nullifies its duty of care to the Plaintiffs; and (2) Claridge had neither actual nor constructive notice of the dangerous condition of the elevator. With respect to both of these arguments, Claridge has failed to show that no genuine issue of material fact exists.

First, there is room for a hotel owner's negligence even where the owner has contracted with a vendor to maintain and service its elevators. The simple existence of its contract with Hopkins does not insulate Claridge from all elevator-related liability. *Stewart v. Beegun*, 126 Ill. App. 2d 120, 261 N.E.2d 491 (1970); *Koenig v. 399 Corp.*, 97 Ill. App. 2d 345, 240 N.E.2d 164 (1968). Plaintiffs have brought forth evidence that Claridge opted for a monthly service contract when a weekly contract would have been more effective. (R. 44-1, Pl.'s Designation of Additional Facts Requiring Denial of Summ. J. ¶ 4.) Plaintiffs also presented evidence that Claridge ignored Hopkins's maintenance recommendations. (*Id.* ¶ 7.) Plaintiffs have, therefore, created a genuine issue of fact as to Claridge's negligence despite the existence of Claridge's contract with Hopkins.

Second, Claridge argues that it had no notice of the dangerous condition of the elevator. More specifically, Claridge argues that it owes no heightened duty of care to its guests, and as a result, may escape liability if it can show that there was no actual or constructive notice of the

danger. Without reaching the issue of heightened duty of common carriers, the Court finds that Plaintiffs have created an issue of material fact as to whether Claridge knew or should have known of a dangerous condition within its elevators. Plaintiffs have not only presented evidence of several recent malfunctions in the elevator in question, but they have also called into question the frequency with which Claridge had its elevators inspected and serviced. These asserted facts create a genuine question as to whether Claridge knew or should have known of a dangerous condition in its elevators.

Because a fair-minded jury could return a verdict for Plaintiffs on the evidence presented, Claridge's motion for summary judgment is denied with respect to Plaintiffs.

### III. Claridge's Motion for Summary Judgment Against Hopkins

Claridge did not file a separate 56.1 statement of fact in connection with its motion for summary judgment against Hopkins. This Court will therefore use the undisputed facts above for the purposes of this motion as well. Claridge argues that it is free from liability for Mr. Reynolds's injury by virtue of the contract that it signed with Hopkins. As discussed above, the contract does not provide a complete barrier to Claridge. When viewing the facts in the light most favorable to Hopkins, a genuine issue of material fact exists regarding Claridge's negligence despite the existence of the service and maintenance contract. Similarly, as discussed above, Claridge's notice arguments are insufficient to prevail at summary judgment. Claridge's motion is therefore denied with respect to Hopkins.

## CONCLUSION

Genuine issues of material fact exist sufficient to defeat Defendants' motions for summary judgment in this case. Accordingly, both Defendants' motions for summary judgment with respect to Plaintiffs' claims are denied. Claridge's motion for summary judgment with respect to Hopkins's claim for contribution is also denied.

Dated: October 3, 2003                    ENTERED

                                          _____
                                          AMY J. ST. EVE
                                          United States District Court Judge